IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS

    Plaintiff,                       No. 2:09-cv-1830 KJN P

    vs.

T. KIMURA, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights action brought pursuant to 42 U.S.C. § 1983. On July 13, 2009, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's March 26, 2010 amended complaint is now before the court.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
13 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
15 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
16 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
17 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
18 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
19 as true the allegations of the complaint in question, id., and construe the pleading in the light
20 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

21      In plaintiff's original complaint, plaintiff challenged mental health care at High
22 Desert State Prison.  In his amended complaint ("AC"), however, plaintiff transformed his
23 pleading into a challenge to mental health care provided over years of incarceration in at least
24 two different prisons.

25      First, plaintiff is advised that he must have exhausted his claims through the third
26 level prior to filing the instant action.  The Prison Litigation Reform Act of 1995 ("PLRA")

amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The instant action was filed July 2, 2009. Exhibit A to plaintiff's AC demonstrates plaintiff exhausted some of his claims after the filing of this action:

| | |
|---|---|
| HDSP-31-09-13060 | Third level denied December 21, 2009 |
| HDSP-31-09-13233 | Third level received on November 19, 2009, and as of January 26, 2010, no third level decision had been rendered. |

(AC at 13.) Because these claims were not exhausted prior to the filing of the instant action, the AC will be dismissed, but plaintiff will be provided an opportunity to file a second amended complaint. However, plaintiff should not include these claims in any second amended complaint. Plaintiff must file a new civil rights action to pursue these grievances, and is cautioned that he should not file a complaint in federal court for HDSP-31-09-13233 until he receives his third level decision.

However, a third level denial in DVI-08-1570[1] issued June 17, 2009 (AC at 13), prior to the July 2, 2009 filing of the instant complaint. Plaintiff may pursue these claims in this action. Because plaintiff's allegations in DVI-08-1570 occurred in Deuel Vocational Institution

---

[1] The Director's Level Decision issued by T. Kimura contains Log No. DVI-08-0570 (AC at 19), but refers to the same 51-08-11013 number included in the summary of appeals that references DVI-08-1570. (AC at 13.) The second level grievance and response also recite DVI-08-1570, so the court adopts this number as the actual grievance number for this appeal. (AC at 15; 23.)

3

and plaintiff is now incarcerated at High Desert State Prison, he also should not include claims for injunctive relief.  As a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

In addition, in plaintiff's original complaint, he failed to identify individual defendants or provide facts concerning alleged harm to his liver.  In his AC, plaintiff has failed to clearly identify which defendants he is seeking to sue in the instant action.  For example, on the first page, he identifies the defendants as "T. Kimura, et al., Psych Services, et al., Calif. Dept. of Corr. & Rehab., Psych Services, et al., High Desert State Prison - Psych Services, et al., Deuel Vocational Institution Reception Center Psych Services, et al." (AC at 1.)  However, in the "Defendants" portion of the AC, he names only T. Kimura as a defendant.  (Id. at 2.)  Plaintiff then names various persons throughout the text of his complaint, but does not make clear whether he intends to sue any or all of them who are not named in the caption of the AC on page one.  Moreover, in the exhibits, plaintiff provides a list of defendants, only one of which is named in the caption of the AC.  (AC, Ex. A, at 14.)  Plaintiff is advised that in any second amended complaint, he must clearly identify the named defendants in the caption and in the defendants portion of the complaint.  Neither the court, nor defendants, will review the text of, or exhibits to, a complaint to determine who plaintiff is naming as a defendant.

Also, plaintiff named Deuel Vocational Institution Reception Center Psych Services as one of the defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against this defendant are frivolous and should not be renewed in any second amended complaint.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

1    Finally, plaintiff should focus his second amended complaint on his claims
2 exhausted through grievance DVI-08-1570, and clearly identify the defendants he intends to sue
3 by listing them both in the caption and in the defendants' portion of the complaint.
4    In accordance with the above, IT IS HEREBY ORDERED that:
5    1. Plaintiff's amended complaint is dismissed.
6    2. Within thirty days from the date of this order, plaintiff shall complete the
7 attached Notice of Amendment and submit the following documents to the court:
8        a. The completed Notice of Amendment; and
9        b. An original and one copy of the Second Amended Complaint.
10 Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights
11 Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended
12 complaint must also bear the docket number assigned to this case and must be labeled "Second
13 Amended Complaint."  Failure to file an second amended complaint in accordance with this
14 order may result in the dismissal of this action.
15 DATED:  June 28, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

20 coat1830.14amd

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   WILLIAM THOMAS COATS
11            Plaintiff,              No. 2:09-cv-1830 KJN P
12       vs.
13   T. KIMURA, et al.,
14            Defendants.             NOTICE OF AMENDMENT
15   _____/
16            Plaintiff hereby submits the following document in compliance with the court's
17   order filed _____:
18            _____     Second Amended Complaint
19   DATED:
20
21                                    _____
                                              Plaintiff
22
23
24
25
26
```