IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

    Plaintiff,                  No. 2:09-cv-1830 KJN P

    vs.

T. KIMURA, et al.,

    Defendants.          <u>ORDER</u>

         Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On July 19, 2010, plaintiff filed a second amended complaint. Pursuant to this court's June 29, 2010 order, this action is proceeding as to plaintiff's claims raised in administrative grievance DVI-08-1570. (Dkt. No. 17 at 3-4.)

         Plaintiff has been previously informed of the requirement that this court screen plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(b)(1),(2). (Dkt. Nos. 12 & 17.)

         In the second amended complaint, plaintiff names eleven defendants. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

1

1  Constitution . . . shall be liable to the party injured in an action at
2  law, suit in equity, or other proper proceeding for redress.

3  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
4  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
5  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
6  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
7  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
8  omits to perform an act which he is legally required to do that causes the deprivation of which
9  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10  Moreover, supervisory personnel are generally not liable under § 1983 for the
11  actions of their employees under a theory of respondeat superior and, therefore, when a named
12  defendant holds a supervisorial position, the causal link between him and the claimed
13  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
14  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
15  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
16  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
17  Cir. 1982).

18  Plaintiff fails to specifically articulate what actions each defendant took that
19  plaintiff alleges violated his constitutional rights.  Instead, plaintiff states,

20  CDCR-Psych services personnel both at DVI and here at High
    Desert State Prison have willfully with malice of forethought
21  consistently refused to treat [him] with the correct psychotropic
    medications that [he has] been on for many years that CDCR
22  started [him] on.

23  (Dkt. No. 18 at 5.)  Plaintiff claims he suffers from two strains of the Hepatitis C virus and the
24  deprivation of these previously-prescribed medications are "injuring and destroying [his] liver
25  function."  (Id.)
26  ////

2

1   However, the administrative appeals provided by plaintiff demonstrate that
2 plaintiff's liver function is normal and there is no evidence of liver compromise. (Dkt. No. 15 at
3 13.) The second level appeal response claims the medication change was per "new standardized
4 care statewide pharmacy and therapies," and "the decision to change the use of this medication
5 was made for safety issues." (Dkt. No. 15 at 16.) Moreover, plaintiff's second level appeal was
6 partially granted and stated:

> your appeal was reviewed by clinical staff familiar with your care;
> you were currently at the CCCMS level of care and were receiving
> services that exceeded [community] standards; you were receiving
> some of the medications that you had been receiving in the past,
> the medication you were receiving was prescribed based on an
> assessment of your diagnosis and treatment needs; there are many
> approaches to providing treatment; and you would continue to be
> closely monitored by your treatment team. You were encouraged
> to speak with your treatment team regarding your symptoms and
> functioning.

13 (Dkt. No. 15 at 20.)
14   "Prison officials are deliberately indifferent to a prisoner's serious medical needs
15 when they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296
16 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted). Mere differences
17 of opinion between a prisoner and prison medical staff as to appropriate medical care also do not
18 give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
19   Plaintiff's statement that defendants refuse to treat him with the "correct"
20 psychotropic medications, along with the administrative appeals provided by plaintiff,
21 demonstrate he has a difference of opinion with the mental health care he was provided at DVI.
22 This is insufficient to state a civil rights claim. The documents provided by plaintiff refute
23 plaintiff's claim that defendants were deliberately indifferent based on their failure to prescribe
24 drugs plaintiff believes he should receive. Rather, the record reflects plaintiff's medications are
25 prescribed by psychiatric professionals, he is being seen by medical professionals, and is being
26 "closely monitored." (Dkt. No. 15 at 20.)

3

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

For the reasons set forth above, the second amended complaint will be dismissed, but in an abundance of caution plaintiff will be given one final opportunity in which to file a third amended complaint that states a cognizable civil rights claim. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the third amended complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff included a request for injunctive relief. A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent

adjudications.").

A class action pending in this court, Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM, involves a constitutional challenge to the adequacy of mental health care provided in the California state prison system. That is the same subject matter presented by plaintiff's equitable claims in this action. The class in Coleman is comprised of mentally ill inmates incarcerated in California prisons alleging that prison officials are depriving them of constitutionally required mental health care. More precisely, the class includes "all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections. . . ." See Coleman v. Wilson, 912 F. Supp. 1282, 1293 (E.D. Cal. 1995).

In this case, plaintiff seeks an injunction requiring defendants to provide him "nontoxic psychotropic medications that do not harm [his] liver health or function." (Dkt. No. 18 at 6.) However, plaintiff is a member of the Coleman class and must bring his "claims for equitable relief . . . through the class representative until the class action is over or the consent decree is modified." McNeil, 945 F.2d at 1166. See also Crawford, 599 F.2d at 892-93; Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999). Accordingly, plaintiff should refrain from including any claims for injunctive relief in any third amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third

1  Amended Complaint." Failure to file an amended complaint in accordance with this order may
2  result in the dismissal of this action.
3  DATED: August 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8  coat1830.14f

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

    Plaintiff,   No. 2:09-cv-1830 KJN P

    vs.

T. KIMURA, et al.,   <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____   Third Amended Complaint

DATED:

    _____
    Plaintiff