IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

    Plaintiff,               No. 2:09-cv-1830 KJN P

    vs.

T. KIMURA, et al.,

    Defendants.         <u>ORDER</u>

                              /

        Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed November 9, 2010, the court determined that plaintiff's complaint states a potentially cognizable claim for relief against defendant Dr. Chambers and ordered plaintiff to provide information for service of process on form USM-285. Service directed to such defendant has twice been returned unexecuted.

        Plaintiff has now filed a motion to extend time to accomplish service of process on defendant Chambers, and a request to extend the discovery deadline so that plaintiff may continue his efforts to locate defendant Chambers. On June 2, 2011, plaintiff filed a motion asking the court to assist plaintiff in locating defendant Chambers. Plaintiff contends that he has exhausted all means available to him to find an appropriate address for service of process on such defendant and he now seeks further assistance in locating such defendant. To that end, plaintiff

1

1   has identified defendant Dr. Chambers as a psychiatrist who worked at DVI in 2008.

2   Pursuant to this court's prior orders, if defendant did not return a waiver of service of summons within sixty days from the date of mailing the request for waiver, the United States Marshal was to personally serve process on defendant Pinkerton, "command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order" and "maintain the confidentiality of all information provided by the CDCR pursuant to" that order. (Dkt. No. 28.) According to the information provided on the USM-285 form returned by the U.S. Marshal and filed on March 23, 2011, the prison facility advised the U.S. Marshal on December 27, 2010, that defendant Dr. Chambers was no longer employed at DVI, and had moved out of state. (Dkt. No. 40.) The information provided on the USM-285 form returned by the U.S. Marshal and filed on May 24, 2011, the mail was returned stamped, "not deliverable as addressed -- unable to forward." (Dkt. No. 55.) Counsel for defendants is directed to take all steps necessary to assist the United States Marshal in locating an address for service of process on defendant Chambers.

Finally, on June 20, 2011, plaintiff filed a motion to compel responses to interrogatories. First, the discovery deadline expired on June 3, 2011. (Dkt. No. 31.) Plaintiff's motion was signed on June 25, 2011; accordingly, plaintiff's motion is untimely. Second, plaintiff's motion does not comply with this court's February 14, 2011 discovery order. (Id.) Plaintiff refers to "several of the lst set of interrogatories," but fails to provide the specific interrogatories and responses challenged. Third, to the extent plaintiff seeks to compel answers to interrogatories propounded in an effort to locate defendant Chambers, the motion is moot in light of the instant order. For all of these reasons, plaintiff's June 20, 2011 motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 2, 2011 motion (dkt. no. 57) is granted.

2. Plaintiff's June 2, 2011 motion for extension of time to serve defendant Chambers (dkt. no. 56) is granted; plaintiff is granted an additional ninety days in which to

accomplish service of process for defendant Chambers.

       3. Plaintiff's June 2, 2011 motion to extend the discovery deadline (dkt. no. 56) is denied.

       4. Counsel for defendants shall take all steps necessary to assist the United States Marshal in locating an address for service of process on defendant Dr. Chambers and shall report to the court within twenty days whether he has been able to provide a valid address to the U.S. Marshal and, if not, why no address can be found.

       5. The U.S. Marshal shall maintain the confidentiality of any service address information provided by counsel for defendants. Should an address be provided, the U.S. Marshal shall, upon receipt of that address, take all steps necessary to request a waiver of service and/or to personally serve defendant Dr. Chambers in accordance with the provisions of this court's December 20, 2010 and May 11, 2011 orders.

       6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

       7. Plaintiff's June 20, 2011 motion to compel (dkt. no. 58) is denied.

DATED: June 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

coat1830.svc