IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

      Plaintiff,                    No. 2:09-cv-1830 KJM KJN P

   vs.

T. KIMURA, et al.,                  ORDER AND

      Defendants.            REVISED SCHEDULING ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel. Two motions are presently pending, which the court will address seriatim.

I. <u>Plaintiff's Motion to Compel</u>

      On October 21, 2011, plaintiff filed a motion to compel defendant Chambers to provide responses to the first set of interrogatories that are in the proper format, and to respond to the second set of interrogatories. In addition, plaintiff claims that defendant Chambers provided "a name rank and serial number response to most of the set number one interrogatories," and asks the court to compel defendant "to fully elaborate on any and all [of] the interrogatories." (Dkt. No. 76 at 2.)

      In opposition, defendant Chambers states that responses were inadvertently provided in the wrong format, and that upon receipt of plaintiff's motion, defendant sent

1

amended responses in the proper format to plaintiff on October 25, 2011. Defendant Chambers did not respond to the second set of interrogatories because plaintiff's second set of interrogatories exceeded the limit provided in Rule 33(a)(1) of the Federal Rules of Civil Procedure. Defendant Chambers contends the responses provided were appropriate and raised proper objections.

Rule 33(a)(1) provides that absent stipulation or court order, a party is limited to 25 written interrogatories. Accordingly, defendant Chambers is not required to respond to the second set of interrogatories because the first set of interrogatories contained 25 questions. Defendant provided plaintiff with properly-formatted responses to the first set of interrogatories; thus, plaintiff's motion to compel defendant Chambers to provide properly-formatted responses is denied as moot.

With regard to plaintiff's motion to compel further substantive responses to the first set of interrogatories, plaintiff's motion is insufficient. Here, plaintiff contends "most" of the responses were "name rank and serial number" and asks that defendant Chambers be required to "fully elaborate on any and all the interrogatories." (Dkt. No. 76 at 2.) The court is not required to review a set of interrogatories and attempt to intuit plaintiff's objections to the responses provided. Plaintiff must address each interrogatory answer challenged and explain why he contends the response is insufficient. Thus, plaintiff's October 21, 2011 motion to compel is denied without prejudice.

II. <u>Defendant Chambers' Motion to Modify Scheduling Order</u>

On November 9, 2011, defendant Chambers filed a motion to modify the court's discovery and scheduling order in light of the recent service of process on defendant Chambers, as well as the recommendation that defendant Chambers' motion to dismiss be denied. On December 14, 2011, the district court adopted the recommendation, and defendant Chambers was ordered to file an answer within fourteen days.

////

Plaintiff opposes the modification, claiming service of process on defendant Chambers was unduly delayed, and that because the court denied plaintiff's motion to extend discovery on June 27, 2011, the court should also deny defendant Chambers' motion as well.[1] Plaintiff complains that his allegations arose in 2008, and further delay is unacceptable. On November 29, 2011, defendant Chambers filed a reply, contending plaintiff failed to demonstrate any prejudice from the delay. Defendant Chambers argues he would be severely prejudiced if the court fails to extend the December 6, 2011 discovery deadline, as he has been unable to obtain meaningful discovery given his late appearance in the case.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson., 975 F.2d at 607).

Defendant Chambers first appeared in this action on September 6, 2011, by filing a motion to dismiss. The motion to dismiss was recently denied on December 14, 2011. Thus, this court finds good cause to modify the scheduling order. In order to alleviate any prejudice to plaintiff by this delay, the court will re-open discovery as to all parties. The court is not inclined to grant any further extensions of these deadlines, so the parties are encouraged to propound discovery accordingly.

////

////

---

[1] Plaintiff's motion to extend discovery was made in the context of locating defendant Chambers. (Dkt. No. 56.) Plaintiff did not seek modification of the court's scheduling order. (Id.)

  Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's October 21, 2011 motion to compel (dkt. no. 76) is denied without prejudice;

  2. Defendant Chambers' November 9, 2011 motion (dkt. no. 79) is granted; and

  3. The September 6, 2011 scheduling order (dkt. no. 70) is modified as follows:

   a. The discovery deadline is extended to March 30, 2012.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

   b. The deadline for filing all pretrial motions, except motions to compel discovery, is extended to May 30, 2012.  Motions shall be briefed in accordance with paragraph 7 of this court's order filed December 20, 2010.

DATED: December 20, 2011

              _____
              KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

coat1830.mtc