1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WILLIAM THOMAS COATS,

11              Plaintiff,                         No. 2:09-cv-1830 KJM KJN P

12         vs.

13    T. KIMURA, et al.,                           ORDER AND

14              Defendants.                        REVISED SCHEDULING ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding without counsel.  Two motions are

17    presently pending, which the court will address seriatim.

18    I.  Plaintiff's Motion to Compel

19              On October 21, 2011, plaintiff filed a motion to compel defendant Chambers to

20    provide responses to the first set of interrogatories that are in the proper format, and to respond to

21    the second set of interrogatories.  In addition, plaintiff claims that defendant Chambers provided

22    "a name rank and serial number response to most of the set number one interrogatories," and asks

23    the court to compel defendant "to fully elaborate on any and all [of] the interrogatories."  (Dkt.

24    No. 76 at 2.)

25              In opposition, defendant Chambers states that responses were inadvertently

26    provided in the wrong format, and that upon receipt of plaintiff's motion, defendant sent

                                                   1

1  amended responses in the proper format to plaintiff on October 25, 2011.  Defendant Chambers

2  did not respond to the second set of interrogatories because plaintiff's second set of

3  interrogatories exceeded the limit provided in Rule 33(a)(1) of the Federal Rules of Civil

4  Procedure.  Defendant Chambers contends the responses provided were appropriate and raised

5  proper objections.

6         Rule 33(a)(1) provides that absent stipulation or court order, a party is limited to

7  25 written interrogatories.  Accordingly, defendant Chambers is not required to respond to the

8  second set of interrogatories because the first set of interrogatories contained 25 questions.

9  Defendant provided plaintiff with properly-formatted responses to the first set of interrogatories;

10  thus, plaintiff's motion to compel defendant Chambers to provide properly-formatted responses

11  is denied as moot.

12         With regard to plaintiff's motion to compel further substantive responses to the

13  first set of interrogatories, plaintiff's motion is insufficient.  Here, plaintiff contends "most" of

14  the responses were "name rank and serial number" and asks that defendant Chambers be required

15  to "fully elaborate on any and all the interrogatories." (Dkt. No. 76 at 2.)  The court is not

16  required to review a set of interrogatories and attempt to intuit plaintiff's objections to the

17  responses provided.  Plaintiff must address each interrogatory answer challenged and explain

18  why he contends the response is insufficient.  Thus, plaintiff's October 21, 2011 motion to

19  compel is denied without prejudice.

20  II.  Defendant Chambers' Motion to Modify Scheduling Order

21         On November 9, 2011, defendant Chambers filed a motion to modify the court's

22  discovery and scheduling order in light of the recent service of process on defendant Chambers,

23  as well as the recommendation that defendant Chambers' motion to dismiss be denied.  On

24  December 14, 2011, the district court adopted the recommendation, and defendant Chambers was

25  ordered to file an answer within fourteen days.

26  ////

1    Plaintiff opposes the modification, claiming service of process on defendant

2  Chambers was unduly delayed, and that because the court denied plaintiff's motion to extend

3  discovery on June 27, 2011, the court should also deny defendant Chambers' motion as well.[1]

4  Plaintiff complains that his allegations arose in 2008, and further delay is unacceptable.  On

5  November 29, 2011, defendant Chambers filed a reply, contending plaintiff failed to demonstrate

6  any prejudice from the delay.  Defendant Chambers argues he would be severely prejudiced if the

7  court fails to extend the December 6, 2011 discovery deadline, as he has been unable to obtain

8  meaningful discovery given his late appearance in the case.

9    "The district court is given broad discretion in supervising the pretrial phase of

10  litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation

11  and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified

12  only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The schedule may

13  be modified 'if it cannot reasonably be met despite the diligence of the party seeking the

14  extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)

15  (quoting Johnson., 975 F.2d at 607).

16    Defendant Chambers first appeared in this action on September 6, 2011, by filing

17  a motion to dismiss.  The motion to dismiss was recently denied on December 14, 2011.  Thus,

18  this court finds good cause to modify the scheduling order.  In order to alleviate any prejudice to

19  plaintiff by this delay, the court will re-open discovery as to all parties.  The court is not inclined

20  to grant any further extensions of these deadlines, so the parties are encouraged to propound

21  discovery accordingly.

22  ////

23  ////

24

25    [1] Plaintiff's motion to extend discovery was made in the context of locating defendant
   Chambers. (Dkt. No. 56.)  Plaintiff did not seek modification of the court's scheduling order.
26  (Id.)

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's October 21, 2011 motion to compel (dkt. no. 76) is denied without

3    prejudice;

4        2.  Defendant Chambers' November 9, 2011 motion (dkt. no. 79) is granted; and

5        3.  The September 6, 2011 scheduling order (dkt. no. 70) is modified as follows:

6            a.  The discovery deadline is extended to March 30, 2012.  Any motions

7    necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to

8    Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

9            b.  The deadline for filing all pretrial motions, except motions to compel

10   discovery, is extended to May 30, 2012.  Motions shall be briefed in accordance with paragraph 7

11   of this court's order filed December 20, 2010.

12   DATED:  December 20, 2011

13

14   _____

     KENDALL J. NEWMAN

15   UNITED STATES MAGISTRATE JUDGE

16   coat1830.mtc

17

18

19

20

21

22

23

24

25

26

4